**MEDICAL CARE MANAGEMENT, INC.**

v.

**DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 9, 1993.

Decided Oct. 18, 1993.

Martin I. Eisenstein, Brann & Isaacson, Lewiston, for plaintiff.

Deanna Staples, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Medical Care Management, Inc., a long-term care nursing facility (the "Facility"), appeals from a decision of the Superior Court (Androscoggin County, *Beliveau, J.*) affirming the decision of defendant Department of Human Services disallowing certain interest costs incurred by the Facility. The Facility claims that the Department's interpretation of the Medicaid regulations is contrary to law. We disagree and affirm the judgment.

The parties stipulated to the facts before the Hearing Examiner. The Facility borrowed working capital funds under two demand notes and asked the Department to reimburse its interest costs for the notes. The Facility did not repay either note within fifteen months of issuance. The Department's Audit Division rejected reimbursement, stating that the interest was not on current indebtedness under the regulations and was not an allowable cost. The Commissioner upheld this interpretation. The Facility appealed to the Superior Court, which denied the appeal.

An agency's interpretation of its own regulations is entitled to substantial deference and should not be set aside unless clearly erroneous. *Trull Nursing Home, Inc. v. Department of Hum. Serv.*, 461 A.2d 490, 496 (Me.1983); *Central Maine Power Co. v. Public Utilities Comm'n*, 455 A.2d 34, 44 (Me.1983). This is particularly true in an area as complex as Medicaid reimbursement. *Sebasticook Valley Health Care Facility, Inc. v. State*, 484 A.2d 595, 602 (Me.1984). "The burden is squarely on the challenger to dem-

onstrate that the Department's action was arbitrary or based on an error of law." *Id.*

 The Facility first argues that the regulations require the Department to turn to the Medicare Manual, IRS guidelines, and generally accepted accounting principles to determine allowable costs. We find no such requirement. The regulation at issue is found in *Maine Department of Human Services Principles of Reimbursement for Long–Term Care Facilities* (Oct. 1, 1984). The introduction to the Principles states in part:

> A determination of whether or not a cost is allowable and interpretation of definitions, not specifically detailed in these principles, will be based on Medicare Provider Reimbursement Manual (HIM–15) guidelines and Internal Revenue Service Guidelines in effect at the time of such determination.

The Department interprets this introductory language to require reference to other sources only when the Principles themselves are "not specifically detailed." To hold that reimbursement determinations must be made only with reference to other sources would render the Principles in large part superfluous. *See, e.g.,* Principles 1022, 3025, 3030, 4041, 4131, 5015 (all determining allowable costs). We have previously noted the functional relationship between the Principles and other sources such as the Medicare Manual. "The Department has customarily used the Medicare Provider Reimbursement Manual to interpret its own principles and to ascertain allowable costs *in the absence of controlling state principles.*" *Trull,* 461 A.2d at 494 n. 7 (emphasis added). The Department did not err in basing its determination on the Principles alone.

The Facility next argues that the notes were current indebtedness because they were payable on demand. In determining that the disputed interest was not an allowable cost, the Department relied on the Principles, and specifically Principle 3032.1, which defines interest:

> Interest is the cost incurred for the use of borrowed funds. Interest on current indebtedness is the costs incurred for funds borrowed for a relatively short term, usu-

ally one (1) year or less, but in no event more than fifteen (15) months....

*Me. Dep't of Hum. Serv. Principles of Reimb. for Long–Term Care Fac.* ¶ 3032.1 (Oct. 1, 1984). The Department interpreted Principle 3032.1 to disallow interest on demand loans not actually paid within fifteen months. The Department's interpretation reasonably comports with the language of the regulation and is not clearly erroneous.

The entry is:

Judgment affirmed.

All concurring.